IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GEORGE LEE PARKS, III**                                                  **PETITIONER**

**v.**                              **CAUSE NO. 1:15cv294-LG-RHW**

**EVAN HUBBARD**                                                        **RESPONDENT**

## MEMORANDUM OPINION AND ORDER DISMISSING PETITION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner George Lee Parks, III is a pre-trial detainee currently incarcerated in the Harrison County Adult Detention Center, Gulfport, Mississippi. He brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. After reviewing the Petition [1] and considering the applicable law, the Court has determined that this action should be dismissed.

Petitioner alleges that he was arrested on August 27, 2014, and has been incarcerated since that date. Subsequent to his arrest, Petitioner was indicted for aggravated assault, kidnaping, possession of a controlled substance, and two counts of sexual battery. Ex. [1-1] at 15. His trial before the Harrison County Circuit Court is currently set for September 28, 2015. Pet. [1] at 7.

Petitioner asserts three grounds for relief: denial of a speedy trial, excessive bail, and unlawful search. More specifically, he alleges that he has been in jail more than a year, that his $1,500,000.00 bail is excessive, and that his residence was searched before a warrant was issued. He urges this Court to order his release from state custody and to dismiss the indictment.

DISCUSSION

Section 2241 applies to "persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The purpose of a § 2241 writ in this context is "not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff,* 488 F.2d 218, 222 (5th Cir. 1973). Accordingly, the instant Petition is properly before this Court. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1988).

However, although Petitioner has the right to seek § 2241 habeas relief in this Court, the availability of such relief is limited. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-90 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

**A. Speedy Trial**

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense and a petitioner seeking only to enforce the state's obligation to bring him properly to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (internal quotation omitted). The Fifth Circuit has held that the distinction is based on the type of relief requested by the

petitioner. *Id.* If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type," and this "objective is normally not attainable through federal habeas corpus." *Id.*

Petitioner's request for dismissal of the indictment in his criminal case is clearly an attempt to completely avoid prosecution. He seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* Petitioner may not obtain habeas relief given that he seeks to prevent the state criminal proceeding.

Even if Petitioner had requested a trial, before filing a petition for a writ of habeas corpus, a state prisoner must exhaust available state remedies. *See Dickerson*, 816 F.2d at 228. The claim must have been fairly presented to the highest state court to satisfy the exhaustion requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). Generally, a habeas petition will be dismissed when the petitioner has not exhausted his claims in state court. *See Rose v. Lundy*, 455 U.S. 509, 519-520 (1982).

The State of Mississippi provides available remedies for a criminal defendant to assert that his constitutional right to a speedy trial has been violated. *See, e.g.,*

3

*Reed v. State*, 31 So. 3d 48, 56-57 (Miss. Ct. App. 2009) (finding criminal defendant may assert a demand for a speedy trial in the trial court and is then required to obtain a pretrial ruling on that motion). Petitioner asserts that he filed motions for a speedy trial in state court but does not indicate that any were decided, that he appealed any decision denying any such motion to the state's highest court, or that he sought any other kind of relief in the state's highest court. Petitioner's pleadings fail to demonstrate that he has completed the exhaustion of his state court remedies for his speedy trial claim. *See Dickerson*, 816 F.2d at 228 (finding inmate's numerous pre-indictment motions in the state court requesting that he be tried as soon as possible did not satisfy exhaustion of speedy trial issue for federal habeas petition). Accordingly, to the extent that Petitioner's speedy trial claim could be construed as forcing the state to fulfill its obligations, it is dismissed as unexhausted.

Furthermore, there are no "special circumstances" in this case warranting this Court's intervention. *See Brown*, 530 F.2d at 1283. The Fifth Circuit has expressly held that the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson*, 816 F.2d at 227. Petitioner's state court trial is set, and records submitted by Petitioner reflect that his attorney waived his speedy trial right, though Petitioner claims not to have consented. *See* Ex. [1-1] at 30. Habeas corpus relief in this Court is not available on Petitioner's speedy trial claim under these circumstances.

### B. Excessive Bail

A claim that the amount of bail violates the Eighth Amendment's excessive bail clause is properly brought pursuant to § 2241. *See Simon v. Woodson*, 454 F.2d 161, 164-65 (5th Cir. 1972). However, "the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted *arbitrarily* in setting that bail." *Id.* at 165 (emphasis in original). Petitioner states that his bail was reduced to $750,000.00 on February 9, 2015, at a hearing in state court, but claims that it is still set at an excessive amount. Pet. [1] at 3.

"Although federal courts may review state bail orders through habeas corpus after exhaustion of state remedies, federal intervention in this discretionary determination is rare, and federal courts cannot require that state courts give reasons for denial of bail." *Martin v. Johnson*, No. 1:06CV71-D-D, 2006 WL 717491, at *1 (N.D. Miss. Mar. 21, 2006). In the *Martin* case, as in this case, it was not necessary for the Court to determine whether to intervene in state court bail matters because it was clear that the petitioner had not exhausted state remedies. *See id.* Indeed, Petitioner has not demonstrated that he has raised the excessive bail issue on appeal or in a petition to the state's highest court. Accordingly, the Court finds that Petitioner's excessive bail claim should also be dismissed.

### C. Illegal Search

Finally, Petitioner has not demonstrated that his Fourth Amendment illegal search claim has been exhausted, or even raised, in state court. As a result, this

5

claim too must be dismissed. Even if Petitioner had fully exhausted his available state court remedies as to this claim, "a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings." *Wright v. Louisiana*, No. 5:14-cv-1185, 2014 WL 4810326, at *2 (W.D. La. Sept. 23, 2014) (dismissing § 2241 habeas petition based on alleged Fourth Amendment violation); *see also, e.g.*, *Rachal v. Warden*, No. 15-cv-1932, 2015 WL 5024407, at *1-2 (W.D. La. Aug. 24, 2015). Petitioner's illegal search claim may be resolved on the merits in his state court proceeding, and, thus, must be dismissed.

## Conclusion

For the reasons set out above, the Court is of the opinion that this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner George Lee Parks, III, is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE**. A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED** this the 24th day of September, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE